UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<span>AYDELL</span> W<span>YATT</span>,

    Plaintiff,

v.

S<span>AFEGUARD</span> P<span>ROPERTIES</span> LLC.,<span>ET. AL.</span>,

    Defendant.

_____/

Case No. 16-13312

S<span>ENIOR</span> U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span>
J<span>UDGE</span> A<span>RTHUR</span> J. T<span>ARNOW</span>

M<span>AGISTRATE</span> J<span>UDGE</span> S<span>TEPHANIE</span>
D<span>AWKINS</span> D<span>AVIS</span>

**O**RDER **D**ENYING **M**OTION FOR **E**X **P**ARTE **T**EMPORARY **R**ESTRAINING **O**RDER **[7]**

On September 13, 2016, Plaintiff filed a complaint containing claims of violations of the Fair Debt Collection Practices Act (FCPA), unlawful eviction, trespass, intentional infliction of emotional distress, negligence, statutory conversion, and common law conversion. On September 21, 2016 Plaintiff filed a Motion for an Ex Parte Temporary Restraining Order and Preliminary Injunction [7]. Defendant Safeguard Properties filed a response on October 4, 2016. [11]. For the reasons stated below, Plaintiff's Motion for Ex Parte Temporary Restraining Order [7] is **DENIED**.

1

Plaintiff's Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction [7] seeks to have the Court enjoin Defendant JP Morgan Chase Bank ("JPMCB") and its alleged debt collector Defendants Safeguard Properties, LLC ("SPLLC") and Bjerk & Bjerk Property Management, LLC ("Bjerk") from trespassing on her property located at 431 First Street, Gregory, MI 48137, and enjoin Defendants from evicting Plaintiff.

When evaluating a motion for preliminary injunction or temporary restraining order, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." Bonnell, 241 F.3d at 809 (quoting Rock & Roll Hall of Fame v. Gentile Prods., 134 F.3d 749, 753 (6th Cir. 1998)).  No single factor is controlling of the outcome, however, if "there is simply no likelihood of success on the merits," that is usually "fatal." Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000).

"Recovery for trespass to land in Michigan is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto

2

land over which the plaintiff has a right of exclusive possession." *Adams v. Cleveland-Clifs Iron Co.*, 237 Mich.App. 51, 67, 602 N.W.2d 215 (1999).

In this case, Plaintiff has not shown that there is any likelihood of success on the merits. Plaintiff bases her Motion for Ex Parte Temporary Restraining Order upon the fact that she is the sole owner of the property in question, and that JPMCB does not have a mortgage for the property. However, the existence of a mortgage has been established by previous judicial proceedings. In *Wyatt I*, Plaintiff sought to claim that JPMCB did not have a valid mortgage for the property because of allegations of violations under the Racketeer Influence and Corrupt Organizations Act (RICO). *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 933289, at *3 (E.D. Mich. Mar. 20, 2012). The Court in that case dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Following that case, JPMCB resumed foreclosure proceedings, and the Plaintiff once again sought to challenge the foreclosure proceedings. In this Court, and affirmed by the Sixth Circuit, it was held that foreclosure was not prevented by her dower interest in the property, and that JPMCB had not violated the Real Estate Settlement Procedures Act and the Truth in Lending Act. *Wyatt v. JPMorgan Chase Bank et al,* case no. 13-cv-14352, (E.D. Mich. August 8, 2014), *affirmed*

case no. 15-1555 (6th Cir. April 6, 2016). Additionally, PJPMCB has included in their answer to the amended complaint the terms of the mortgage at issue. [13, Ex. 1 at ¶7]. In that mortgage, they, as the lender, have permission to enter the premises. Based on the previous determinations of the Court, and the substance of the mortgage, Plaintiff has no likelihood of success on the merits.

**IT IS ORDERED** that Plaintiff's Motion for Ex Parte Temporary Restraining Order [7] is **DENIED**.

**SO ORDERED**.


s/Arthur J. Tarnow

Arthur J. Tarnow
Dated: October 27, 2016        Senior United States District Judge