UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAYDELL WYATT,                                Case No. 16-13312

        Plaintiff,                         SENIOR U.S. DISTRICT JUDGE
v.                                            ARTHUR J. TARNOW

SAFEGUARD PROPERTIES LLC, ET. AL.,            U.S. MAGISTRATE JUDGE
                                              STEPHANIE DAWKINS DAVIS
        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [23] AND CLARIFYING NOTICE TO APPEAR [24]

On November 2, 2016, Plaintiff filed an objection to the Court's Orders denying Plaintiff's Motion for Exparte Temporary Restraining Order [20] and Order denying Plaintiff's Motion for Leave to File Amended Complaint [21]. This objection is more properly considered as a Motion for Reconsideration because the Plaintiff argues that the Court erred in denying the Motion for Exparte Temporary Restraining Order [20] and Motion for Leave to File Amended Complaint [21]. On November 8, 2016, Plaintiff filed an objection to the Notice to Appear issued by the Court on November 1, 2016 [22].

For the reasons stated below, Plaintiff's Motion for Reconsideration [23] is **DENIED** and the Notice to Appear is clarified below.

1

## 1. MOTION FOR RECONSIDERATION [23]

Local Rule 7.1(h)(3) [1] provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted).

"A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *McKelvey v. Geren*, No. 07-14538, 2013 WL 5576340, at *1 (E.D. Mich. Oct. 10, 2013); (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir.1998)). "The decision whether to grant reconsideration lies largely within

---

[1] Plaintiffs incorrectly cite Local Rule 7.1(g) as their authority for bringing this Motion for Reconsideration. The Court analyzes the Motion under the correct local rule, 7.1(h).

the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiff argues that the Court erred by entering an Order denying Plaintiff's Motion for Leave to Amend Complaint one day before her reply brief was due. Under Local Rule 7.1(d)(1)(A) states that a movant "may also file a reply brief." While the Court did decide the Motion one day before Plaintiff's deadline to reply had passed, Plaintiff has not alleged a defect that would result in a different disposition of the Motion. Plaintiff's Motion to Amend, per the Order issued [21], was clearly premature and did not state a valid claim for a §1983 claim. There could be no argument presented, based on the proposed amended complaint before the Court in the motion, that would lead to a different disposition. Plaintiff is free to file a second Motion to Amend, taking into account the Court's response in the previous Order issued, that adequately addresses the deficiencies identified by the Court. Therefore, the Court does not grant Plaintiff's Motion for Reconsideration in regards to the Motion for Leave to Amend Complaint.

In regards to the Motion for Reconsideration presented before the Court regarding Plaintiff's Motion for Exparte Temporary Restraining Order, Plaintiff has not shown any evidence or given any argument as to why they would be successful on the merits and has not presented any new arguments to the Court that would meet the high standard of issuing a Preliminary Injunction and/or Restraining Order. Plaintiff has not presented any new argument for the Court to consider. Because "[a] motion

2:16-cv-13312-AJT-SDD   Doc # 25   Filed 11/15/16   Pg 4 of 5   Pg ID 227

for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not," the Court denies Plaintiff's Motion for Reconsideration in regards to the Motion for a Preliminary Injunction.

Additionally, Plaintiff contends that the Court erred by considering past cases between Plaintiff and Defendant JP Morgan Chase that established that the mortgage on the property at issue in this case was valid. However, as the Order explained, these cases established that the mortgage on the property at issue in this case was valid, and that the mortgage was between Plaintiff and Defendant JP Morgan Chase. *See Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 933289, at *3 (E.D. Mich. Mar. 20, 2012); *Wyatt v. JPMorgan Chase Bank et al,* case no. 13-cv-14352, (E.D. Mich. August 8, 2014), *affirmed* case no. 15-1555 (6th Cir. April 6, 2016). Given that this Court has already ruled in a final judgment on the merits that a mortgage exists, it is bound to that decision and thus Plaintiff's claims surrounding debt collection, eviction and trespass, which are premised on an absence of a mortgage, are not likely to succeed on the merits of the claims brought. *See e.g. United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir.2003).

## 2. CLARIFICATION OF THE NOTICE TO APPEAR

Plaintiff objected to the Notice to Appear issued by the Court on November 1, 2016 [22], arguing that the Court did not provide her with adequate information about how to prepare for the status conference set for November 17, 2016 and is not

consistent with notices issued by the Court in other cases. In the objection, Plaintiff cites to a notice that the Court provides in cases where parties are being brought in for a scheduling conference. The Court issues these notices for scheduling conferences only after all parties have answered the complaint. In this case, Defendants Bjerk & Bjerk Management LLC and Bjerk and Bjerk Property Management LLC have not answered the complaint and there is no evidence on the docket of these Defendants even being served.

The Notice to Appear issued by the Court is for a status conference, and issues of scheduling and discovery are not at issue. To clarify and provide Plaintiff with guidance on how to prepare for the status conference, Plaintiff should be prepared to discuss the following:

1. A brief summary to the Court of the case and issues;
2. Subject matter jurisdiction;
3. Relationship to other cases; and
4. Necessity of amendments to pleadings, additional parties, third-party complaints, etc.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [23] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 15, 2016          Senior United States District Judge

5