UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAYDELL WYATT,<br>LICIA HARPER | Case No. 16-13312 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| SAFEGUARD MANAGEMENT<br>PROPERTIES, LLC, ET AL., | U.S. MAGISTRATE JUDGE<br>STEPHANIE DAWKINS DAVIS |
| Defendants._____/ | |

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [54]; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [56, 58]; AND VACATING ORDER TO SHOW CAUSE [57]**

On October 5, 2017, Plaintiffs Laydell Wyatt and Licia Harper filed a Motion for Leave to File Amended Complaint and for Permanent Injunction and Other Equitable Relief [54]. On October 6, 2017, Plaintiffs filed an Emergency Motion for Temporary Restraining Order [56]. Also on that date, the Court issued an Order for Plaintiffs to Show Cause [57] as to why this Court has subject matter jurisdiction over issues raised in the motion. Plaintiffs filed an Amended Motion for Permanent Injunction [58][1] on October 6, 2017 and filed a timely Response [59] to the Order to Show Cause on October 13, 2017.

---

[1] Motion [56] and Motion [58] are nearly identical.

For the reasons stated below, Plaintiffs' motions are denied and the order to show cause is vacated.

**INTRODUCTION**

Before the Court is Plaintiffs' third action in this District concerning allegations of a fraudulent mortgage on, and wrongful eviction from, their residence at 483 First Gregory Street.[2] In the Complaint [1] of this action, Plaintiffs alleged violations of the Fair Debt Collection Practice Act (FDCPA) against Defendants Safeguard Properties LLC and Bjerk & Bjerk. Plaintiffs further alleged five state law claims against Defendants Safeguard, Bjerk, and JPMCB.

On September 25, 2017, the Court issued an Order [52] which, among other things, dismissed all of the state law claims.[3] The Court also granted summary

---

[2] The existence of a mortgage has been established by previous judicial proceedings. In *Wyatt I*, Plaintiff Laydell Wyatt sought to claim that JP Morgan Chase Bank (JPMCB) did not have a valid mortgage for the property because of allegations of violations under the Racketeer Influence and Corrupt Organizations Act (RICO). *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 933289, at *3 (E.D. Mich. Mar. 20, 2012). In that case, the Court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* Following that case, JPMCB resumed foreclosure proceedings, and Plaintiff once again sought to challenge the foreclosure proceedings. In this Court, and affirmed by the Sixth Circuit, it was held that foreclosure was not prevented by Plaintiff's dower interest in the property, and that JPMCB had not violated the Real Estate Settlement Procedures Act and the Truth in Lending Act. *Wyatt v. JPMorgan Chase Bank, et al.*, No. 13-14352, (E.D. Mich. Aug. 8, 2014), *affirmed* case no. 15-1555 (6th Cir. April 6, 2016) (*Wyatt II*).

[3] The Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, noting that Plaintiffs may raise these claims in state court if they wish to do so.

judgment for Defendant Safeguard on the FDCPA claim. [Dkt. #52]. Moreover, the Court denied Plaintiffs' Motion for Default Judgment against Defendant Bjerk because Defendant Bjerk had not been properly served.[4] *Id.* The only remaining claim in this action is the FDCPA claim against Defendant Bjerk.

I. **Motion for Leave to File Amended Complaint**

On October 5, 2017, Plaintiffs filed a Motion for Leave to File Amended Complaint [54].[5] Many of the allegations in the Proposed Complaint date back to May 2009 and are nearly identical to those raised in *Wyatt I* and *Wyatt II*. (Proposed Compl. at ¶¶ 17-75).

The primary issue that has not been previously litigated in this Court concerns Plaintiffs' allegations that a fraudulent sheriff's deed was filed with the Washtenaw County Register of Deeds. Plaintiffs submit that although the sheriff's deed states that the Federal Home Loan Mortgage Corporation purchased Plaintiffs' home at a sheriff's sale on October 20, 2016, the sheriff's sale did not actually take place. Plaintiffs further submit Trott Law fraudulently claimed that Plaintiff Wyatt abandoned her property. *Id.* at ¶¶ 112-24.

---

[4] The Court ordered Plaintiffs to serve Defendant Bjerk within 30 days of the entry of the Order. On October 5, 2017, Plaintiffs filed a Certificate of Service [53].
[5] Before the Court is Plaintiffs' second Motion for Leave to File Amended Complaint. The Court denied Plaintiffs' first such Motion [18] on November 1, 2016. [Dkt. #21].

On July 14, 2017, Defendants initiated an eviction action in the 14DCA1-Ann Arbor Landlord-Tenant Court ("Landlord-Tenant Court"). *Id.* at ¶ 129.

On August 1, 2017, Plaintiffs filed complaints against defendants with the Department of Justice, the Federal Housing Finance Agency, and the Consumer Financial Protection Bureau. *Id.* at ¶ 131.

Plaintiffs were summoned to the Landlord-Tenant Court on August 11, August 25, and September 22, 2017. *Id.* at ¶ 132. On September 29, 2017, Judge David. L. Jordon issued an order directing Plaintiffs to pay $1390.96 in rent/escrow to the Landlord-Tenant Court, each month, beginning on October 5, 2017. *Id.* at ¶ 137.

In the Proposed Complaint, Plaintiffs seek to add the following claims: Conspiracy; Violations of the Racketeer Influenced and Corrupt Organizations Act (RICO); and Violations of the Equal Protection and Due Processes Clauses. Moreover, Plaintiffs also seek to reinstate or add several defendants, including: Safeguard Properties LLC; JPMCB; JP Morgan Chase & Co.; Trott Law, P.C.; Judge David L. Jordon; John and Jane Does 1 through 100; John Doe Corporations 1 through 10; and other John Doe Entities 1-10.

Fed. R. Civ. P. 12(a)(2) provides that, when a motion to amend is filed more than 21 days after the complaint is served, the Court may grant the motion "when

justice so requires." While motions to amend are frequently granted, they may be denied for a declared reason including:

> [U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Forman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (internal quotation marks omitted).

Each of the counts Plaintiffs seek to add have either been raised in this litigation or were raised previously in *Wyatt I* or *Wyatt II*, against nearly all of the same defendants. "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 552 U.S. 470, 476 (1998) (internal quotation marks omitted). Accordingly, Plaintiffs' request is futile because the addition of these claims would violate principles of claim preclusion.

To the extent that Plaintiffs seek the addition of Judge David L. Jordon as a defendant, attempt to institute a claim of fraud, and request that the Court vacate the escrow order and enjoin further action in the Landlord-Tenant Court, the Court similarly denies these proposed amendments as futile.

The Anti-Injunction Act, 28 U.S.C. § 2283, establishes ". . . an absolute prohibition against enjoining state court proceedings, unless the injunction falls within three specifically defined exceptions." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004) (internal quotation marks omitted). A district court may issue a permanent injunction against state court proceedings only: "(1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Id.* None of the aforementioned exceptions apply in the instant case.

In support of their argument, Plaintiffs cite to *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) for the proposition that "[a] federal plaintiff can seek to set aside a state court judgment obtained through extrinsic fraud of the adverse party." [Dkt. #58]. To the extent that Plaintiffs allege fraud as the cause of the entry of the escrow order, Plaintiffs' Motion [58] suggests that they raised this issue, with the assistance of counsel, in proceedings in the Landlord-Tenant Court.[6]

The United States Supreme Court has recognized ". . . a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Plaintiffs' allegations of fraud do not amount to "extraordinary circumstances" that would warrant this Court's

---

[6] Plaintiff Laydell Wyatt was represented by counsel prior to the entry of the escrow order. *See* Prop. Compl. at ¶ 136.

interference with the state court proceedings. The Court has already declined to exercise supplemental jurisdiction over Plaintiffs' state law claims in this case. Plaintiffs may seek recourse through state courts and the appellate process.

Lastly, Plaintiffs seek to amend their complaint to include John and Jane Does 1 through 100, John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10. The Court again denies this request as futile and premature.[7]

Because Plaintiffs' Proposed Complaint is, in essence, an attempt to re-litigate issues already decided or pending in state court, the Court denies Plaintiffs' Motion for Leave to File Amended Complaint [54].

## II. Preliminary Injunction

In conjunction with the Proposed Complaint, Plaintiffs filed an Emergency Motion for TRO and Permanent Injunction [56, 58].[8] Plaintiffs seek a Temporary Restraining Order: (1) directing all Defendants to refrain from enforcing the escrow order issued on September 29, 2017; (2) ordering the immediate halt to all proceedings in 14A-1 District Court or any other State/County Court; and (3) directing defendants to immediately cease trespassing on Plaintiffs' property and

---

[7] As stated in the Court's previous Order [21]: "If these Defendants were added on at this time, it would not toll the statute of limitations nor invoke the relation back doctrine. *Cox v. Treadway*, 75 F. 3d 230, 239-40 (6th Cir. 1996). There is no reason why these parties should be added at this time, given that they will be removed and replaced with actual named defendants once the identities are discovered."

[8] This is Plaintiffs' second motion for TRO in this action. The Court denied the first motion on October 27, 2016. [Dkt. #20].

all attempts to evict Plaintiffs. Because the Court has denied Plaintiffs' Motion for Leave to File Amended Complaint, the Court need not address the merits of Plaintiffs' Motion for TRO.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint [54] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [56, 58] is **DENIED.**

**IT IS FURTHER ORDERED** that the Order to Show Cause [57] is **VACATED.**

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: October 26, 2017         Senior United States District Judge