UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAYDELL WYATT,
LICIA HARPER,

    Plaintiffs,

v.

SAFEGUARD PROPERTIES LLC, ET AL.,

    Defendants.

Case No. 16-13312

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE STEPHANIE
DAWKINS DAVIS

_____/

**ORDER VACATING ORDER STAYING CASE [73]; DISMISSING DEFENDANTS BJERK & BJERK FOR LACK OF SERVICE; DENYING AS MOOT PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL [62], MOTION FOR JUDICIAL NOTICE [66], MOTION FOR PRELIMINARY INJUNCTION [76], MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT [77, 81], MOTION TO DISQUALIFY COUNSEL [83]; AND DISMISSING CASE**

Before the Court is Plaintiffs' third action in this District concerning allegations of a fraudulent mortgage on, and wrongful eviction from, their residence at 483 First Street in Gregory, Michigan.[1] In this action, commenced on September

---

[1] The existence of a mortgage was established by previous judicial proceedings. In *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 933289, at *3 (E.D. Mich. Mar. 20, 2012) ("*Wyatt I*"), Plaintiff Laydell Wyatt alleged that JP Morgan Chase Bank ("JPMCB") did not have a valid mortgage for the subject property under the Racketeer Influence and Corrupt Organizations Act ("RICO").

13, 2016, Plaintiffs Laydell Wyatt and Licia Harper, *pro se*, allege claims under the Fair Debt Collection Practices Act ("FDCPA") and under state law against Defendants Safeguard Properties, LLC, Bjerk & Bjerk Management, LLC, Bjerk & Bjerk Property Management, LLC, and JPMorgan Chase Bank.

Defendants Safeguard and JPMorgan filed notices of appearance and answers to the complaint. Defendants Bjerk & Bjerk Management, LLC and Bjerk & Bjerk Property Management, LLC ("Defendants Bjerk & Bjerk") neither entered appearances nor filed answers to the complaint.

On December 14, 2016, Plaintiffs attached exhibits indicating that the summons sent to Defendants Bjerk & Bjerk, and their alleged agent Mark A. Bjerk, at 7375 N. Inkster Road in Westland, Michigan, had been returned as unexecuted. [Dkt. #31]. Also on that date, Plaintiffs filed a Motion for Default Judgment [32] against Defendants Bjerk & Bjerk.

---

The Court dismissed the complaint for failure to state a claim and for lack of service. *Id.* Following that case, Plaintiff commenced a second action in state court contesting the foreclosure proceedings, which Defendants removed to this Court. *Wyatt v. JPMorgan Chase Bank, et al.*, No. 13-14352, (E.D. Mich. Aug. 8, 2014), *aff'd,* No. 15-1555, (6th Cir. April 6, 2016) ("*Wyatt II*"). In dismissing *Wyatt II*, this Court held that foreclosure was not prevented by Plaintiff's dower interest in the property, and that JPMorgan had not violated the Real Estate Settlement Procedures Act and the Truth in Lending Act. *Id.*

Shortly thereafter, Plaintiffs filed a Cross-Motion for Summary Judgment [36] on December 18, 2016.

On September 25, 2017, the Court issued an Order [52] dismissing Plaintiffs' state law claims against all Defendants, granting summary judgment for Defendant Safeguard on the FDCPA claim, and dismissing Defendants Safeguard and JPMorgan from the case. The Court denied Plaintiffs' Motion for Default Judgment against Defendants Bjerk & Bjerk because Plaintiffs failed to show proper service.

The Court's Order [52] had the effect of dismissing all claims except Plaintiffs' FDPCA claim against Defendants Bjerk & Bjerk. The Court ordered Plaintiffs to properly serve Defendants Bjerk & Bjerk within thirty days of the entry of the Order.

In an attempt to comply with the Court's Order, Plaintiffs filed a Certificate of Service [53] on October 5, 2017. The Certificate [53] stated that Plaintiffs served Defendants Bjerk & Bjerk a copy of the summons, complaint, and Order [52], by "placing said copy(ies) in a postage paid envelope in the U.S. mail[.]" No green card or proof of service was attached.

Separately, Plaintiffs filed a Motion for Leave to File an Amended Complaint and for Permanent Injunction [54] and a Motion for Temporary Restraining Order

[56], which the Court denied on October 26, 2017. [Dkt. #60]. Plaintiffs filed a Notice of Appeal [61, 62] on October 31, 2017.

At that point – despite Plaintiffs' attempts at service – Defendants Bjerk & Bjerk had not yet filed appearances. Nor had Plaintiffs provided any indication that the service documents were actually delivered. In an effort to give Plaintiffs one last bite at the apple, on November 30, 2017, the Court issued an Order [65] for Plaintiffs to show cause that Defendants Bjerk & Bjerk had been properly served.

On December 15, 2017, Plaintiffs filed a Certificate of Service [68] which stated that they had served Defendants Bjerk & Bjerk a summons, copy of the complaint and amended complaint, and Order [52], by U.S. Certified Mail on October 5, 2017. Plaintiffs filed a Request for Clerk's Entry of Default [70] to which they attached: the Certificate of Service [68]; a U.S. Certified Mail Receipt indicating that a package had been sent to Bjerk & Bjerk Management at 7375 N. Inkster Road in Westland, Michigan; and a summons to Bjerk & Bjerk Property Management, LLC issued on September 13, 2016, which ordered Defendants Bjerk & Bjerk to serve their answer on Plaintiffs at 7375 N. Inkster Road in Westland.[2]

---

[2] Plaintiffs mistakenly included Mark A. Bjerk's address in the summons, as opposed to their own address.

On February 5, 2018, the Court issued an Order Staying Case [73] pending resolution of the appeal of Order [60]. Subsequently, Plaintiffs filed several motions in this Court notwithstanding the stay. [Dkt. #76, 77, 81, 82].

On July 11, 2018, the Sixth Circuit dismissed the appeal for want of prosecution. *Laydell Wyatt, et al. v. Safeguard Properties, LLC, et al.*, No. 17-2333, (6th Cir. July 11, 2018). Because the Sixth Circuit has resolved the appeal, the Court now lifts the stay and considers Plaintiffs' Response to the Court's Order to Show Cause [65]. The only issue before the Court is whether Plaintiffs have properly served Defendants Bjerk & Bjerk.

Defendants Bjerk & Bjerk are alleged to be Michigan limited liability companies ("LLCs"). The Federal Rules of Civil Procedure do not directly address the proper manner of service for LLCs. With respect to the Federal Rules, courts in this District have applied Fed. R. Civ. P. 4(h) to determine whether service on a LLC was proper. *See, e.g.*, *Capaldi v. Am. Credit & Collections, LLC*, No. 12-10254, 2012 WL 6822038, at *1 (E.D. Mich. Dec. 13, 2012), *report and recommendation adopted sub nom. Capaldi v. Am. Credit & Collections LLC.*, No. 12-10254, 2013 WL 118910 (E.D. Mich. Jan. 9, 2013); *Wyatt I*, 2011 WL 3163242, at *4 (E.D. Mich. July 27, 2011).

Rule 4(h)(1) provides that a corporate entity may be served by:

(A)(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or . . . .

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

In other words, the Federal Rules authorize plaintiffs to serve LLCs in accordance with state law, or by "delivering a copy of the service documents to an officer or agent *plus* mailing a copy of the documents to the defendant." *Wyatt I*, 2011 WL 3163242, at *4 (emphasis in original).

Under Michigan law, Mich. Ct. R. 2.105(H)(1) governs service on LLCs. *Bullington v. Corbell*, 293 Mich. App. 549, 558, 809 N.W.2d 657, 662 (2011). Rule 2.105(H)(1) provides: "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process."

In *Bullington*, the Michigan Court of Appeals held that merely sending a copy of the summons and complaint via certified mail is insufficient to effectuate service on LLCs. *Id.* The Court explained that the plain language of Rule 2.105(H)(1) simply does "not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind." *Id.*

In this case, the Court acknowledges that Plaintiffs sent, by registered mail, a copy of the summons, complaint, and Order [52] to Defendants Bjerk & Bjerk Management, LLC and Bjerk & Bjerk Management Property, LLC, along with the companies' alleged registered agent, Mark A. Bjerk.

However, as parties to this action, Laydell Wyatt and Licia Harper may not serve the summons and complaint on Defendants Bjerk & Bjerk. *See* Fed. R. Civ. P. 4(c)(2); *Colbert v. Fed. Nat. Mortg. Ass'n*, No. 12-13844, 2013 WL 1629305, at *14 (E.D. Mich. Apr. 16, 2013) (noting that Rule 4(c) "permits service by mail only by a *non-party* adult.").

Moreover, "'serving' is separate and distinct from 'sending' by mail." *Etherly v. Rehabitat Sys. of Mich.*, No. 13-11360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013); *see also Capaldi*, 2012 WL 6822038, at *1; *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909, at *4 (E.D. Mich. Jan. 11, 2007) (noting "that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing.'").

Service of process for corporate entities under the federal and state rules requires *personal* service. *Etherly*, 2013 WL 3946079, at *5. Plaintiffs may not rely solely on certified mail to effectuate service on Defendants Bjerk & Bjerk. *See Bullington*, 293 Mich. App. at 558. Even if the Court were to assume that Mark A.

Bjerk is the registered agent of Defendants Bjerk & Bjerk, Plaintiffs offer no proof of delivery to Mark A. Bjerk or other any other authorized agent in accordance with Rule 4(h)(1)(B).

By merely sending the summons and complaint via registered mail to Defendants Bjerk & Bjerk, Plaintiffs failed to comply with the service options available under the rules. *Etherly*, 2013 WL 3946079, at *5. Because Plaintiffs failed to effectuate proper service, the Court lacks personal jurisdiction over Defendants Bjerk & Bjerk and dismisses Defendants Bjerk & Bjerk from this action. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process . . . a court may not exercise personal jurisdiction over a named defendant."). Seeing as there are no remaining Defendants, this case is dismissed.

Accordingly,

**IT IS ORDERED** that the Order Staying Case [73] is **VACATED**.

**IT IS FURTHER ORDERED** that Defendants Bjerk & Bjerk Management Company, LLC and Bjerk & Bjerk Property Management, LLC are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Injunction Pending Appeal [62] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judicial Notice [66] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction [76] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Leave to File Amended Complaint [77, 81] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Disqualify Counsel [83] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**SO ORDERED**.

Dated: July 24, 2018

s/Arthur J. Tarnow_____
Arthur J. Tarnow
Senior United States District Judge

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 24, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb_____
Case Manager